**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**June 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

COLORADO SPRINGS FELLOWSHIP
CHURCH; DAVID A. ZIRPOLO; DAVID
BANKS; CLINTON A. STEWART;
DEMETRIUS K. HARPER,

    Plaintiffs - Appellants,

v.

E. WILLIAMS; JASON HENDERSON;
HUGH HIRWITZ, Acting Director,
Federal Bureau of Prisons, in their official
capacity, jointly and severally; JOHN
OLIVER,

    Defendants - Appellees.

No. 21-1269
(D.C. No. 1:19-CV-02024-WJM-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Plaintiffs Colorado Springs Fellowship Church, David A. Zirpolo, David

Banks, Clinton A. Stewart, and Demetrius K. Harper sued several officials of the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Federal Bureau of Prisons ("BOP") for alleged violations of their First Amendment rights and under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4. The district court dismissed all claims, and the Plaintiffs appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Plaintiffs Zirpolo, Banks, Stewart, and Harper ("Individual Plaintiffs"), all members of the church, were incarcerated at the Federal Prison Camp in Florence, Colorado. The church attempted to send DVD's directly to the Individual Plaintiffs in violation of BOP policy. That policy prohibits sending personal property, including religious items, directly to inmates. As an accommodation, however, the policy allows religious organizations to send religious materials to the BOP, which then makes those materials available to all inmates.

Plaintiffs filed a lawsuit alleging that by prohibiting the Individual Plaintiffs from keeping the DVD's, BOP officials violated RFRA and Plaintiffs' free exercise and free speech rights. They also asserted state-law claims under the Colorado Constitution. The church additionally asserted an Establishment Clause claim.

Defendants filed dispositive motions, which the district court granted. The district court held the Individual Plaintiffs had failed to exhaust their claims as required by 42 U.S.C. § 1997e(a). As for the church's claims, the district court dismissed its First Amendment and RFRA claims without prejudice, and its state-law claims with prejudice. The church then filed an amended complaint again asserting RFRA and First Amendment claims. The church's supporting allegations were

virtually identical to the previous iteration, except for the addition of two new defendants.

Defendants moved to dismiss the amended complaint, and the district court granted the motion, this time with prejudice. On the church's free exercise and free speech claims, both parties acknowledged that *Turner v. Safley*, 482 U.S. 78 (1987), provided the applicable standard, which is that any restrictions be "reasonably related to legitimate penological interests," *id.* at 89. The district court held the church's allegations did not satisfy *Turner*. The district court dismissed the church's Establishment Clause claim because the church failed to plausibly allege that the BOP's policy prevented the church from providing religious materials to inmates while allowing other religious groups to do so, as required by *Cutter v. Wilkinson*, 544 U.S. 709, 723-24 (2005). This appeal followed.[1]

## II. DISCUSSION

On appeal, the church argues that the district court erred in applying the *Turner* standard to its free exercise and free speech claims. It asserts that *Turner* does not apply to claims brought by non-prisoners. But the church did not make this argument before the district court. Indeed, the briefing below confirmed that the church acknowledged *Turner*'s applicability to its free speech and free exercise claims. Aplees. App., vol. 2 at 465.

---

[1] The district court also dismissed the church's RFRA claim, which the church does not challenge on appeal.

Because the church conceded *Turner*'s applicability to its free exercise and free speech claims before the district court, it cannot now claim on appeal that the district court erred in applying *Turner*. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011) ("If the theory was intentionally relinquished or abandoned in the district court, we usually deem it waived and refuse to consider it."). We therefore consider the argument waived.[2]

The church also challenges the district court's dismissal of its Establishment Clause claim, contending the district court incorrectly applied the *Turner* standard to their claim. The district court did no such thing. Instead, it applied the standard set forth in *Cutter*, 544 U.S at 723-24, which, as characterized by the district court, required the church to allege that the BOP's policy "impermissibly prevented it from providing religious materials to inmates while allowing other religious groups to do so." Aplees. App., vol. 2 at 515. The district court found the church failed to plausibly make such an allegation. The church did not challenge that conclusion in its opening brief but attempted to do so in its reply brief. We therefore consider it waived. *See Star Fuel Marts, LLC v. Sam's East, Inc.*, 362 F.3d 639, 647 (10th Cir. 2004) ("Generally, arguments raised for the first time on appeal in an appellant's reply brief are waived.").

---

[2] Even if the church had only forfeited the argument through neglect rather than an intentional waiver, "a newly raised legal theory . . . may form a basis for reversal only if the appellant can satisfy the elements of . . . plain error." *Id.* at 1130 (italics omitted). The church, however, made no effort to do so. *See id.* at 1131 ("the failure to argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court").

Finally, although the Individual Plaintiffs are ostensibly appellants in this matter, their briefing does not challenge or otherwise address the district court's reason for dismissing their claims: that they failed to exhaust their administrative remedies as required by 42 U.S.C. § 1997e(a). We therefore summarily affirm the district court's conclusion. *Cf. Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (explaining that appellant's "first task" is "to explain what was wrong with the reasoning that the district court relied on in reaching its decision").

### III.  CONCLUSION

For the foregoing reasons, we affirm the dismissal of Plaintiffs' claims.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge